IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
* * * * * * * * * * * * * * * * * * * * *
                                        *
In re                                   *Case No. 07-12229
                                        *
CLIFF AND DONNA L. THOMAS,              *
                                        *Chapter 11
        Debtors.                        *
                                        *
* * * * * * * * * * * * * * * * * * * * *
```

### RESPONSE OF DWS COMPANY, INC. TO MOTION TO CLOSE CASE

NOW COMES DWS Company, Inc., and in response to the Motion to Close Case filed by the Debtors, states that closure of the case at this time is inappropriate, in that the Debtors have to date failed to remain current in their obligations to DWS Company, Inc., under the plan with respect to either its unsecured claim or its secured claim. While closure of a case post-confirmation and pre-discharge is certainly appropriate, a case should only be closed where the Debtors can establish that they are current on performance of their plan.

Pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 3022, a case can only be closed if it is "fully administered." This is a fact-specific determination, to be decided on a case-by-case basis. *See Shotkoski v. Fokkena*,420 B.R. 479, 483 (8th Cir. BAP 2009) (requests for entry of a final decree are to be reviewed on a case-by-case basis in determining whether an estate has been fully administered). In making this determination, the Court should consider those factors listed in the Advisory Committee

Note to Fed. R. Bankr. P. 3022. *In re Johnson*, 402 B.R. 851 (Bankr. N.D. Ind. 2009), In re Necaise, 2010 Bankr. LEXIS 2856 (Bankr. S.D. Miss. Aug. 20, 2010).  That Note provides:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

While a default in payments is not specifically listed as a factor, it should certainly be considered.  If payments have "commenced" and then ceased, it can hardly be said that there is nothing more for the court to do.  While there is no motion yet pending regarding the Debtors' default, if the Debtors do not make arrangements to become current on their payments, there will soon be a motion pending.  Creditors to whom payments are already in default should not have to pay a reopening fee to enforce the terms of the plan.  As such, unless the Debtors make sufficient arrangements to come current with DWS Company, Inc., the Motion should be denied.

Dated: April 5, 2011

Respectfully submitted,

           DWS Co., Inc.
           By counsel

_/s/Daniel M. Press_____
Daniel M. Press, Va. Bar #37123
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800


## CERTIFICATE OF SERVICE

  This is to certify that on this 5th[th] day of April 2011, I caused the foregoing Response to be served by CM/ECF upon counsel for the Debtor, the US Trustee, and other parties in interest.


           _/s/Daniel M. Press__
           Daniel M. Press